1
2
3
4
5
6
7
8                        **UNITED STATES DISTRICT COURT**
9                        **EASTERN DISTRICT OF CALIFORNIA**
10

11  ARCHIE CRANFORD,                    Case No. 1:14-cv-00744-SKO-HC

12            Petitioner,              ORDER DISMISSING THE PETITION FOR
                                       WRIT OF HABEAS CORPUS WITHOUT LEAVE
13       v.                            TO AMEND (D0C. 1)

14                                     ORDER DISMISSING PETITIONER'S
    ANGELA BADAGON,                    MOTION FOR DISCOVERY (DOC. 6),
15                                     DECLINING TO ISSUE A CERTIFICATE
              Respondent.             OF APPEALABILITY, AND DIRECTING
16                                     THE CLERK TO CLOSE THE CASE

17
18        Petitioner is a civil detainee housed at the Coalinga State
19   Hospital who is proceeding pro se and in forma pauperis with a
     petition for writ of habeas corpus.  Pursuant to 28 U.S.C.
20   § 636(c)(1), Petitioner has consented to the jurisdiction of the
21   United States Magistrate Judge to conduct all further proceedings in
22   the case, including the entry of final judgment, by manifesting
23   Petitioner's consent in a writing signed by Petitioner and filed by
24   Petitioner on June 4, 2014.  Pending before the Court is the
25   petition, which was filed on May 19, 2014, as well as a motion for
26   discovery.
27        I.   Screening the Petition
28        Rule 4 of the Rules Governing § 2254 Cases in the United States

                                    1

District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, patently frivolous or false, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Petitioner alleges that he has suffered a violation of his rights by being subjected to an unsafe living environment, including

suffering two assaults inflicted by Respondent that resulted in impaired vision and black-outs.  Petitioner seeks a single room. (Pet, doc. 1, 3-7.)

Petitioner also refers to, and appends copies of documents apparently filed in another action in this Court, Cranford v. Badagon, case number 1:11-cv-00736-LJO-BAM.  The Court notes that to the extent that Petitioner seeks an order from the Court with respect to that proceeding, Petitioner must proceed within that proceeding.

II.  Conditions of Confinement

This Court has a duty to determine its own subject matter jurisdiction, and lack of subject matter jurisdiction can be raised on the Court's own motion at any time.  Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)).

A court will not infer allegations supporting federal jurisdiction.  A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears; thus federal subject matter jurisdiction must always be affirmatively alleged.  Fed. R. Civ. P. 8(a); Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th

3

Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973));
Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.  In
contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the
proper method for a prisoner to challenge the conditions of that
confinement.  McCarthy v. Bronson, 500 U.S. 136, 141 42 (1991);
Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee
Notes to Habeas Rule 1, 1976 Adoption.

Challenges to prison disciplinary adjudications that have
resulted in a loss of time credits must be raised in a federal
habeas corpus action and not in a § 1983 action because such a
challenge is to the very fact or duration of physical imprisonment,
and the relief sought is a determination of entitlement to immediate
or speedier release.  Preiser v. Rodriguez, 411 U.S. 475, 500.
Thus, such claims are within the core of habeas corpus jurisdiction.

Cases in this circuit have recognized a possibility of habeas
jurisdiction in suits that do not fall within the core of habeas
corpus.  Bostic v. Carlson, 884 F.3d 1267 (9th Cir. 1989)
(expungement of disciplinary finding likely to accelerate
eligibility for parole); Docken v. Chase, 393 F.3d 1024 (9th Cir.
2004) (a claim challenging the constitutionality of the frequency of
parole reviews, where the prisoner was seeking only equitable
relief, was held sufficiently related to the duration of
confinement).  However, relief pursuant to § 1983 remains an
appropriate remedy for claims concerning administrative decisions
made in prison where success would not necessarily imply the
invalidity of continuing confinement.  Docken v. Chase, 393 F.3d at
1030 (characterizing Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997)
as holding that a § 1983 suit is an appropriate remedy for

4

1  challenges to conditions [there, administrative placement in a sex

2  offender program affecting eligibility for parole] which do not

3  necessarily imply the invalidity of continuing confinement); Ramirez

4  v. Galaza, 334 F.3d 850, 852, 858 (9th Cir. 2003).

5      Here, Petitioner's claims do not relate to or affect the

6  duration of his confinement; rather, they concern only the

7  conditions of his confinement.  Thus, Petitioner's claims must be

8  dismissed.

9      Further, because of the nature of Petitioner's claims, even if

10  leave to amend were granted, it is not possible that Petitioner

11  could amend his petition to allege tenable conditions claims.

12  Petitioner could not allege specific facts that demonstrate that as

13  a result of the challenged procedures, the legality or duration of

14  Petitioner's confinement, as distinct from the conditions of his

15  confinement, was affected.  Accordingly, Petitioner's habeas

16  petition will be dismissed without leave to amend, and Petitioner's

17  pending motion for discovery will be dismissed as moot.

18      III.  Remedy

19      Although the Court lacks habeas corpus jurisdiction over the

20  claims concerning conditions of confinement, the Court could

21  construe Petitioner's claims as a civil rights complaint brought

22  pursuant to 42 U.S.C. § 1983.  See Wilwording v. Swenson, 404 U.S.

23  249, 251 (1971).

24      However, the Court declines to construe the petition as a civil

25  rights complaint because of various differences in the procedures

26  undertaken in habeas proceedings on the one hand, and civil rights

27  actions on the other.

28  ///

First, if the petition were converted to a civil rights complaint, Petitioner would be obligated to pay the $350 filing fee for a civil action, whether in full or through withdrawals from his prison trust account in accordance with the availability of funds. 28 U.S.C. §§ 1914, 1915(b). The dismissal of this action at the pleading stage would not terminate Petitioner's duty to pay the $350 filing fee. Here, the petition was not accompanied by the $350 filing fee.

An omission from the petition that affects the Court's decision not to consider it as a civil rights complaint is the Petitioner's failure to identify the capacity in which the named respondent would be sued for purposes of a civil rights claim, which is critical to the issue of sovereign immunity.

In addition, if the petition were converted to a civil rights complaint, the Court would be obligated to screen it pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). It is not clear that all of Petitioner's allegations state civil rights claims. If the pleading ultimately were dismissed for failure to state a claim upon which relief may be granted, such a dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g) and any future civil rights action he might bring.

Finally, in view of the pendency of another action in this Court, the Court will avoid the risk of a multiplicity of actions.

Based on the foregoing, it is appropriate to dismiss the petition so Petitioner himself may determine whether or not he wishes to raise his present claims through a properly submitted civil rights complaint.

IV.  <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  <u>Id.</u>  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  As Petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability will issue.

V.   Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without leave to amend for failure to state facts entitling the Petitioner to relief in a proceeding pursuant to 28 U.S.C. § 2254;

2) Petitioner's motion for discovery is DISMISSED as moot;

3) The Court DECLINES to issue a certificate of appealability; and

4) The Clerk is DIRECTED to close the action because the dismissal terminates it in its entirety.

IT IS SO ORDERED.

Dated:   **July 8, 2014**                    **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE

8